**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **FRC Balance, LLC,** | § | **Case No. 26-90806 (CML)** |
| **Debtor.** | § | |
| **Tax I.D. No. (26-2536386)** | § | |
| **In re:** | § | **Chapter 11** |
| **True Food Kitchen Investco, LLC,** | § | **Case No. 26-90807** |
| **Debtor.** | § | |
| **Tax I.D. No. (83-0788744)** | § | |
| **In re:** | § | **Chapter 11** |
| **True Food Kitchen Holdings, LLC,** | § | **Case No. 26-90808** |
| **Debtor.** | § | |
| **Tax I.D. No. (82-2948972)** | § | |
| **In re:** | § | **Chapter 11** |
| **True Food Kitchen Parent, LLC,** | § | **Case No. 26-90809** |
| **Debtor.** | § | |
| **Tax I.D. No. (82-2999901)** | § | |
| **In re:** | § | **Chapter 11** |
| **FRC True Food Preston, LLC,** | § | **Case No. 26-90810** |
| **Debtor.** | § | |
| **Tax I.D. No. (27-4612759)** | § | |

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **True Food Hospitality, LLC,** | § | **Case No. 26-90805** |
| **Debtor.** | § | |
| **Tax I.D. No. (90-9094500)** | § | |
| **In re:** | § | **Chapter 11** |
| **True Food Beverages, LLC,** | § | **Case No. 26-90811** |
| **Debtor.** | § | |
| **Tax I.D. No. (90-0949500)** | § | |
| **In re:** | § | **Chapter 11** |
| **TFK Maryland LLC,** | § | **Case No. 26-90813** |
| **Debtor.** | § | |
| **Tax I.D. No. (86-2729157)** | § | |
| **In re:** | § | **Chapter 11** |
| **FRC TF California, LLC,** | § | **Case No. 26-90812** |
| **Debtor.** | § | |
| **Tax I.D. No. (27-1118589)** | § | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

[Relates to Docket No. •]

Upon the emergency motion (the "**Motion**")[1] of FRC Balance, LLC, and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order, (a) authorizing the Debtors to jointly administer

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

their chapter 11 cases for procedural purposes only, (b) waiving the requirement to file a list of equity security holders and modifying the related notice requirements, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and upon consideration of the First Day Declaration; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the case number assigned to FRC Balance, LLC, Case No. 26-90806. Additionally, the following checked items are ordered:

   a. ☒ One disclosure statement and chapter 11 plan may be filed for all of the cases by any plan proponent.
   b. ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.
   c. ☒ Other: See below.

2. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases, the Debtors, or the Debtors' estates.

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FRC Balance, LLC, *et al*.,** | § | **Case No. 26-90806 (CML)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are FRC Balance, LLC (6386); True Food Kitchen Investco, LLC (8744); True Food Kitchen Holdings, LLC (8972); True Food Kitchen Parent, LLC (9901); FRC True Food Preston, LLC (2759); True Food Hospitality, LLC (4500); True Food Beverages, LLC (9500); TFK Maryland LLC (9157); and FRC TF California, LLC (8589). The location of the Debtors' service address for purposes of these chapter 11 cases is 7135 E. Camelback Rd, Suite 230, Scottsdale, AZ 85251. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/FRCBalance.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry shall be made in each of the above-captioned chapter 11 cases (except the chapter 11 case of FRC Balance, LLC) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of FRC Balance, LLC, *et al.* The docket in Case No. 26-90806 (CML) should be consulted for all matters affecting this case.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. A separate claims register shall be maintained for each Debtor.

8. The requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file a list of their equity security holders is waived. The requirement under Bankruptcy Rule 2002(d) to give notice to the Debtors' equity security holders is modified so that the Debtors shall serve the notice of commencement of these chapter 11 cases on each holder of 10% or more of any class of a Debtor's equity interests identified in the Debtors' consolidated corporate ownership statement, and shall post the notice of commencement on the website maintained by Stretto at https://cases.stretto.com/FRCBalance. Such service and posting shall be deemed good and sufficient notice of the commencement of these chapter 11 cases to all of the Debtors' equity security holders. If the Court sets a deadline for equity security holders to file proofs of interest, or orders a distribution to equity security holders, the Debtors shall file a list of their equity security holders within 14 days of entry of such order. Nothing in this Order waives the Debtors' obligation to file the corporate ownership statement required by Bankruptcy Rules 1007(a)(1) and 7007.1, which shall identify every entity or person that directly or indirectly owns 10% or more of any class of each Debtor's equity interests, and nothing in this Order prejudices the right of any party in interest to seek further relief from the Court on this matter.

9. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: ____________________, 2026

______________________________________

Christopher Lopez
United States Bankruptcy Judge