**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FRC Balance, LLC, *et al.*,** | § | **Case No. 26-90806 (CML)** |
| | § | |
| **Debtors.**[1] | § | **(Joint Administration Requested)** |
| | § | **(Emergency Hearing Requested)** |
| | § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS, (B) FILE A CONSOLIDATED LIST OF THE 30 LARGEST UNSECURED CREDITORS, AND (C) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION; (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THESE CHAPTER 11 CASES; AND (III) GRANTING RELATED RELIEF**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 2:30 P.M. (CENTRAL TIME) ON OCTOBER 5, 2026.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON 2:30 P.M. (CENTRAL TIME) ON OCTOBER 5, 2026, IN COURTROOM 402, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

**PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 59013. VIDEO**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are FRC Balance, LLC (6386); True Food Kitchen Investco, LLC (8744); True Food Kitchen Holdings, LLC (8972); True Food Kitchen Parent, LLC (9901); FRC True Food Preston, LLC (2759); True Food Hospitality, LLC (4500); True Food Beverages, LLC (9500); TFK Maryland LLC (9157); and FRC TF California, LLC (8589). The location of the Debtors' service address for purposes of these chapter 11 cases is 7135 E. Camelback Rd, Suite 230, Scottsdale, AZ 85251. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/FRCBalance.

**COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE. THE MEETING CODE IS "JUDGELOPEZ." CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LOPEZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

FRC Balance, LLC, and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form annexed hereto (the "**Proposed Order**") (a) authorizing the Debtors to (i) file a consolidated creditor matrix in lieu of submitting separate mailing matrices for each Debtor, and (ii) file a consolidated list of their 30 largest unsecured creditors[2]; (b) approving the form and manner of notifying creditors of commencement of the Chapter 11 Cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code; (c) authorizing the Debtors to serve creditors and parties in interest by email where an email address is available; (d) permitting the redaction of certain personal information for certain third parties; and (e) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

[2] The Debtors intend to file a single consolidated list of the Debtors' 30 largest general unsecured creditors pursuant to Section F.14(a) of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas.

*Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), and 521 of the Bankruptcy Code; Bankruptcy Rules 1007, 2002, and 9007; and Bankruptcy Local Rules 1075-1 and 9013-1.

## **Background**

1. The Debtors own and operate restaurants focused on health-forward menus that serve organic foods, 100% seed oil-free, focused on ensuring diners enjoy whole, minimally processed foods. As of the Petition Date, the Debtors operate thirty-four (34) locations across the United States, having made the difficult decision to close twelve (12) restaurants concurrently with the commencement of these chapter 11 cases.

2. On October 4, 2026 (the "**Petition Date**"), the Debtors commenced voluntary cases under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

3. The Debtors filed a motion requesting joint administration of the Chapter 11 Cases pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Bankruptcy Local Rules.

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Nathan Cook in Support of Chapter 11 Petitions and First-Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

**Relief Requested Should Be Granted**

## I. A Consolidated Creditor Matrix is Warranted for these Chapter 11 Cases.

5. Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." Fed. R. Bankr. P. 1007(a)(1). Although the list of creditors is usually filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[3] Here, the preparation of separate lists of creditors for each Debtor would be expensive, time-consuming, and administratively burdensome. Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "**Creditor Matrix**") for all the Debtors.

## II. These Chapter 11 Cases Justify a Consolidated List of the 30 Largest General Unsecured Creditors.

6. Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 30 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "**Top 30 List**"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

## III. Redaction of Certain Personal Information of Certain Third Parties.

7. Section 107(c)(1)(A) of the Bankruptcy Code provides that "the [Court], for cause, may protect an individual, . . . to the extent the court finds that disclosure of such information would create undue risk of identity theft[,]" with respect to "[a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code]." 11 U.S.C.

[3] *See Procedures for Complex Chapter 11 Cases in the Southern District of Texas*.

§ 107(c)(1)(A). Here, cause exists to authorize the Debtors to redact the addresses and email addresses for individuals that are the Debtors' current and former employees, directors, interest holders, contractors, creditors, other parties in interest—including the Debtors' customers—and other individuals, as necessary, and any other information required to be redacted, to the extent applicable or required by law, from the Creditor Matrix, the Top 30 Creditors List, and other filings made in these chapter 11 cases because such information could be used to, among other things, perpetrate identity theft, and poses potential safety or other privacy concerns. The Debtors have policies and practices in place to preserve personal identification information of their employees, and independent contractors, among other individuals, and intend to continue those policies and practices in these chapter 11 cases in the ordinary course. The Debtors propose to provide, upon request, and subject to applicable data privacy laws, unredacted versions of the Creditor Matrix and Top 30 Creditors List to the Court, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**"), and counsel to any statutory committee of unsecured creditors appointed in these Chapter 11 Cases.

8. Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g., In re And Go Concepts, LLC*, No. 26-90753 (ARP) (Bankr. S.D. Tex. Aug. 10, 2026) (Docket No. 69); *In re Zynex, Inc.*, No. 25-90810 (ARP) (Bankr. S.D. Tex. Dec. 16, 2025) (Docket No. 43); *In re Air Methods Corp.*, No. 23-90886 (MI) (Bankr. S.D. Tex. Oct. 25, 2023) (Docket No. 94); *In re Genesis Care Pty Limited*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. June 1, 2023) (Docket No. 73).

## IV. Service by Email to Creditors is Appropriate and Should be Approved.

9. While the Bankruptcy Rules generally require notices to be served on creditors at their addresses, they give significant latitude to bankruptcy courts for modifying the general rule. *See* Fed. R. Bankr. P. 2002(m) and 9007. Bankruptcy courts have explicit authority to modify the

manner in which notice is given. *See* Fed. R. Bankr. P. 2002(m). The Debtors serve many of their customers through online platforms and often communicate with vendors and other creditors through electronic means. Accordingly, the Debtors request authority to serve their creditors by email where an email account is available to the Debtors.

10. Not only is email service likely the most efficient and cost-effective manner by which service of all interested parties can be completed, it is also more likely to facilitate creditor responses. In addition, this method of service will help alleviate administrative burdens and costs on the Debtors' estates.

11. The Debtors submit that implementation of the procedures requested herein is appropriate in these Chapter 11 Cases and are well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

12. Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g.*, *In re And Go Concepts, LLC*, No. 26-90753 (ARP) (Bankr. S.D. Tex. Aug. 10, 2026) (Docket No. 69) (authorizing the debtors to serve all pleadings and papers on all parties listed on the creditor matrix by email, if available); *In re White Rock Medical Center, LLC*, No. 26-90115 (ARP) (Bankr. S.D. Tex. Jan. 27, 2026) (Docket No. 50) (same); *In re Genesis Care Pty Limited*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. June 1, 2023) (Docket No. 73) (same).

**V. <u>Service of the Notice of Commencement.</u>**

13. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or the court's designee must give the debtor, the trustee, all creditors, and all indenture trustees at least 21 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b)." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

14. Through Stretto, Inc., the Debtors' proposed noticing, claims, and solicitation agent, the Debtors propose to serve the notice of commencement, substantially in the form attached as **Exhibit 1** to the Order hereto (the "**Notice of Commencement**"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix. Accordingly, the Debtors submit that service of the Notice of Commencement is warranted.

15. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Reservation of Rights

16. Nothing contained herein is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed

as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

**Emergency Consideration**

17. Pursuant to Bankruptcy Local Rule 9013-1, the Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days following the commencement of a chapter 11 case if "relief is needed to avoid immediate and irreparable harm." For the reasons discussed above and in the First Day Declaration, an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations. Failure to receive the requested relief in this Motion during the first twenty-one days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this important juncture and cause immediate and irreparable harm. The requested relief is necessary for the Debtors to operate their business in the ordinary course, preserve the ongoing value of their operations, and maximize the value of their estates for the benefit of all stakeholders. The Debtors have demonstrated that the requested "relief is needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003, and request that the court grant the relief requested in this Motion.

**Notice**

18. The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors' prepetition secured lenders; (d) the proposed debtor-in-possession lender; (e) counsel to the Debtors' postpetition lender and prepetition secured lendersr; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the

United States Securities and Exchange Commission; (i) the state attorneys general for states in which the Debtors conduct business; (j) other regulatory agencies having a regulatory or statutory interest in these cases; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 5, 2026
Houston, Texas

Respectfully submitted,

*/s/ Omar J. Alaniz*
**REED SMITH LLP**
Omar J. Alaniz (24040402)
London England (24110313)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Fax: 469.680.4299
E-mail: oalaniz@reedsmith.com
lengland@reedsmith.com

*Proposed Counsel for Debtors and Debtors in Possession*

**REED SMITH LLP**
Amalia Sax-Bolder (*pro hac vice* pending)
1900 Lawrence Street, Suite 2800
Denver, CO 80202
Telephone: 203.552.3800
Fax: 203.552.3799
E-mail: asaxbolder@reedsmith.com

**<u>Certificate of Accuracy</u>**

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify that the foregoing statements are true and accurate to the best of my knowledge.

*/s/ Omar J. Alaniz*
Omar J. Alaniz

**Certificate of Service**

I hereby certify that on October 5, 2026 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and will be served on all parties required by Local Rule 9013-1(d).

*/s/ Omar J. Alaniz*
Omar J. Alaniz