**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FRC BALANCE, LLC, *et al.*[1] | Case No. 26-90806 (CML) |
| Debtors. | (Jointly Administered) |

**JOINDER AND RESERVATION OF RIGHTS OF SIMON PROPERTY GROUP, L.P. TO OBJECTIONS FILED IN REGARDS TO DEBTORS' (I) DIP MOTION AND (II) BID PROCEDURES MOTION**

Simon Property Group, L.P. (together with, and on behalf of, certain of its affiliates, "Simon"), by and through its undersigned counsel, submits this joinder and reservation of rights (this "Joinder")[2] in connection with (i) the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral; (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 8] (the "DIP Motion") and (ii) the *Debtors' Motion for Entry of an Order (I) Approving Bidding Procedures in Connection With a Sale or Plan Sponsor Selection, (II) Authorizing Stalking Horse Selection*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are FRC Balance, LLC (6386); True Food Kitchen Investco, LLC (8744); True Food Kitchen Holdings, LLC (8972); True Food Kitchen Parent, LLC (9901); FRC True Food Preston, LLC (2759); True Food Hospitality, LLC (4500); True Food Beverages, LLC (9500); TFK Maryland LLC (9157); and FRC TF California, LLC (8589). The location of the Debtors' service address for purposes of these chapter 11 cases is 7135 E. Camelback Rd, Suite 230, Scottsdale, AZ 85251. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/FRCBalance.

[2] Debtors' counsel provided Simon an extension of the relevant objection deadline.

*Process, (III) Scheduling an Auction and Sale Hearing, and (IV) Granting Related Relief* [Docket No. 59] (the "Bid Procedures Motion"),[3] and respectfully states as follows:

1. Simon, directly or through its affiliates, is the landlord under certain leases of nonresidential real property (collectively, the "Leases") with one or more of the above-captioned Debtors at shopping centers owned or managed by Simon.

2. The proposed final order on the DIP Motion [Docket No. 108-1] (the "Proposed Final DIP Order") defines the DIP Collateral to mean "all property of the Debtors and their estates . . . and all proceeds thereof." Proposed Final DIP Order ¶ 6. Although the DIP Collateral excludes "those leasehold interests where the granting of a lien thereon is prohibited or restricted by the express terms of such lease or by applicable non-bankruptcy law," *id.* ¶ 8, the Excluded Assets (as defined in the Proposed Final DIP Order) does not expressly cover property that cannot be liened under non-bankruptcy law, *see id.* ¶ 6. Under New Jersey law, a liquor license, or "rights thereunder," may not "be deemed property, subject to . . . pledge, lien, . . . or any other transfer or disposition whatsoever," N.J.S.A. § 33:1-26, and thus "a private creditor cannot obtain a security interest in any right associated with a liquor license, including the proceeds of its sale." *In re Circle 10 Rest., LLC*, 519 B.R. 95, 137 (Bankr. D.N.J. 2014); *see also In re Chris-Don, Inc.*, 367 F. Supp. 2d 696, 701 (D.N.J. 2005). Accordingly, neither the DIP Liens nor the Adequate Protection Liens (each as defined in the Proposed Final DIP Order) may attach to any alcoholic beverage license or permit (or, to the extent applicable non-bankruptcy law so provides, the proceeds thereof) to the extent such attachment is prohibited by applicable non-bankruptcy law. Any final order with respect to the DIP Motion should reflect as such.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the DIP Motion or the Bid Procedures Motion, as applicable.

3. The Bid Procedures Motion states that a Plan "may better preserve the Debtors' leases, permits, and licenses, including the alcohol and beverage permits held by Debtor True Food Beverages, LLC, that may not be readily transferable to a section 363 buyer." Bid Procedures Motion ¶ 17. Consistent with that, N.J.S.A. § 33:1-26 provides that licenses "are not transferable except as hereinafter provided," and requires an application by the transferee, the licensee's written consent, public notice, and approval by the issuing authority. *See* N.J.S.A. § 33:1-26. Accordingly, any bid that includes any license or permit must expressly identify it and acknowledge that its transfer is subject to applicable non-bankruptcy law and the rights of any counterparty to any related agreement. Such requirement and disclosure allows the Court and affected parties to evaluate the bid, and any related rights, before any sale hearing. *See Circle 10*, 519 B.R. at 98–100 (sale of liquor license proceeded only after landlord's objection based on its prepetition rights was resolved). Further, because a private creditor cannot obtain a security interest in a liquor license under New Jersey law, as discussed above, any right to credit bid during the sale and auction process should not extend to a bid for any liquor license, and the acquisition of any liquor licenses should require cash consideration. As such, any final order should: (a) require any bid that includes any alcoholic beverage license or permit to identify it; (b) identify the consideration allocated to such license or permit; (c) acknowledge that such transfer is subject to applicable non-bankruptcy law and the rights of any counterparty to any agreement related thereto, all of which are reserved for a sale hearing; (d) indicate that such licenses and permits are not subject to a credit bid; and (e) reserve Simon's rights with respect thereto. Therefore, any order with respect to the Bid Procedures Motion should incorporate such a requirement.

**Joinder to other Landlord Objections**

4. Simon joins in, adopts, and incorporates by reference, as if fully set forth herein, the objections to the DIP Motion and the Bid Procedures Motion filed by other landlords in these chapter 11 cases, to the extent consistent with Simon's rights under its Leases, the Bankruptcy Code, and applicable law.

**Reservation of Rights**

5. Simon reserves all rights, claims, and remedies with respect to any property, assets, rights, or interests of any kind, whether tangible or intangible, and whether real or personal, that are located at, used in connection with, or relate to the operation of the Debtors' businesses at any premises subject to a Lease that has or may be rejected in these chapter 11 cases (the "Rejected Locations"), to the extent such property is required under the applicable Lease, any agreement, instrument, or arrangement between or among Simon or any of its affiliates, and any Debtor or its predecessor in interest (if and to the extent any such agreement exists and has not been rejected in these chapter 11 cases), the Bankruptcy Code, or applicable law to be returned, surrendered, or left in place for the benefit of the landlord upon rejection, termination, or surrender of the premises.

6. Nothing in the DIP Motion, the Bid Procedures Motion, or any order entered with respect thereto shall prejudice, impair, or be deemed a waiver of such rights. Simon further reserves the right to object to any proposed sale, transfer, encumbrance, or other disposition of such property, and to seek turnover, return, or any other appropriate relief with respect thereto.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, Simon respectfully requests that the Court take notice of this Joinder, that the final order on the DIP Motion and the order on the Bid Procedures Motion be modified consistent with the objections filed by other landlords and the reservation of rights set forth herein, and that the Court grant Simon such other and further relief as is just and proper.

Dated: October 29, 2026
Houston, TX

*/s/ Duston K. McFaul*
**SIDLEY AUSTIN LLP**
Duston K. McFaul (TX Bar No. 24003309)
Ian C. Ferrell (*pro hac vice* pending)
Ishani Patel (TX Bar No. 24143283)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
Facsimile: (713) 495-7799
Email: dmcfaul@sidley.com
iferrell@sidley.com
ishani.patel@sidley.com

*Counsel to Simon Property Group, L.P.*

**Certificate of Service**

I certify that on October 29, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Duston K. McFaul*
Duston K. McFaul